165 So. 241

## FIRST NAT. BANK OF LINDEN v. ALSTON.

### 3 Div. 149.

Supreme Court of Alabama.

Jan. 16, 1936.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

Rushton, Crenshaw & Rushton, of Montgomery, and McKinley & McDaniel, of Linden, for appellant.

**ANDERSON,** Chief Justice.

Bill by complainant, Alston, as executrix of the will of M. R. Bradford, deceased, and claiming to be the owner under the will of said Bradford of a certain bond issued by the state of Alabama against John Brandon, as treasurer of the state, to collect certain accrued interest and to have the change in the ownership of the bond appear in the record. Bill also avers that the First National Bank of Linden claims to be the owner or of some interest in said bond. The bill seems to conform to the requirements of section 10390 of the Code of 1923 and which gives the court of equity jurisdiction.

The chief and primary argument presented by the appellant is that the bill does not contain equity because the complainant has a plain and adequate remedy at law. There is no ground of demurrer raising this question, nor is there a general demurrer going to the equity of the bill. Apart from this, however, it is sufficient to suggest that the bill conforms to the section of the Code above cited and seeks more than a mere recovery of the bond by the complainant against the Linden Bank. Hence the case of Priebe v. Farmers' Union Warehouse Co., 230 Ala. 73, 159 So. 694, and other cases cited by appellant's counsel, are inapt.

It is also contended that, under the federal statutes (12 U.S.C.A. § 94), suits against a national bank can only be brought in the county district or political subdivision in which said bank is located. It was held by the United States Supreme Court in the case of Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52, that this provision of the federal statute applied to transitory and not local actions which are in the nature of suits in rem, but which are to be prosecuted where the thing on which they are founded is situated. Moreover, we doubt if that provision of the federal statute could be applicable to cases in which a national bank becomes a joint party as an incident to the enforcing of an equitable or legal right as here. As a material respondent, John Brandon, resides in Montgomery, it would be quite an anomaly to hold that, in a proceeding of this character wherein several national banks located in different counties were involved, they could not be jointly brought in in one action. We therefore hold that the bill was not improperly filed in Montgomery county under section 6524 of the Code of 1923. It may also be questionable as to whether or not the matter of jurisdiction was not waived by demurring to the bill on other grounds (Thompson v. Wilson, 224 Ala. 299, 140 So. 439), but which question is unnecessary for us to decide.

It is also urged that the federal statute forbids an attachment, injunction, or execution against a national bank before final judgment in any suit, action, or proceeding in any state, county, or municipal court (12 U.S.C.A. § 91). It is sufficient to say that the present proceeding does not involve an attachment or injunction.

We do not regard this bill as a suit against the state of Alabama. It is merely a suit against the state treasurer to require him to perform a ministerial duty enjoined upon him by law. State Board of Administration v. Roquemore, 218 Ala. 120, 117 So. 757; Turnipseed v. Blan, 226 Ala. 549, 148 So. 116; Hall v. Blan, 227 Ala. 64, 148 So. 601.

The trial court did not err in overruling the respondent bank's demurrer to the bill of complaint, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.