Separate appeals are taken by defendants from judgments against them for conversion of personal property. We reverse and remand the judgment against Central Bank of Alabama. We affirm the judgment against the other defendants.
The issue presented by the appeal of Central Bank of Alabama (hereafter called CBA) is whether venue of the action was proper in the courts of Jefferson County. This issue was raised in the trial court by motion to transfer, motion for directed verdict and motion for judgment notwithstanding the verdict.
CBA is a national bank chartered in Morgan County, Alabama under the National Banking Act of 1863 as revised and amended by acts of Congress. National *Page 100 
banks may not be interfered with by state action except as Congress may permit. Van Reed v. Peoples' Nat'l Bank,198 U.S. 554, 25 S.Ct. 775, 49 L.Ed. 1161 (1905). 12 U.S.C. § 94
established the venue in both federal and state courts for bringing suit against a national bank. Section 94 is as follows:
 "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."
The Supreme Court of the United States said in the case ofMercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520,9 L.Ed.2d 523 (1963) that the provisions of § 94 were mandatory and expressed precisely the intent of Congress that a national bank could be sued against its will only in the courts designated therein. That holding has been supported in the cases of Michigan Nat'l Bank v. Robertson, 372 U.S. 591,83 S.Ct. 914, 9 L.Ed.2d 961 (1963); National Bank of N.A. v.Associates of Obstetrics and Female Surgery, Inc.,425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976) and Citizens Southern Nat'l Bank v. Bougas, ___ U.S. ___, 98 S.Ct. 88,54 L.Ed.2d 218 (1977).[1]
Appellee responds to the apparent mandate of the statute with propositions for avoidance. The first proposition is waiver. Waiver is premised upon two factual conditions: (a) the fact that substantially all the stock of CBA is owned by Central Bancshares of the South, Inc., a holding company with principal offices in Jefferson County and (b) the transaction of substantial business in a county other than its principal place of business.
No valid authority is presented that waiver of venue by a national bank may be established by showing that suit is brought in the county where the principal owner of its stock resides or has its principal place of business. We do not so hold here.
The special privilege accorded national banks by § 94 may be waived expressly or by failure to assert when sued. FirstCharlotte Nat'l Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37,33 L.Ed. 282 (1889). Waiver may be inferred from conduct inconsistent with the assertion of the privilege. However, the conduct relied upon must demonstrate an intentional relinquishment or abandonment of the privilege. The commission of a tort does not constitute waiver. Nor does the disposition by sale of property located in one county, but thought to be subject to a security instrument executed in another county.Northside Iron Metal Co. v. Dobson Johnson, Inc.,480 F.2d 798 (5th Cir. 1973).
The fact that CBA was a joint defendant with a party properly sued in Jefferson County does not prevent it from claiming the privilege of the statute. Mercantile Nat'l Bank v. Langdeau,supra. The statement in the case of First Nat'l Bank v. Alston,231 Ala. 348, 165 So. 241 (1936), to the contrary is dicta and precedes Langdeau.
The holding in Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52
(1880) that the privilege of the statute extends only to transitory actions does not aid plaintiff here. State law determines whether the action is of a local or transitory action. Moreland v. Rucker Pharmacal Co., 59 F.R.D. 537
(D.C.La. 1973). An action for conversion is considered transitory in Alabama. Title 7, § 54, Code of Alabama (1940) (Recomp. 1958); Cable-Shelby-Burton Piano Co. v. Turbeville,213 Ala. 565, 105 So. 555 (1925).
Plaintiff contends that even if the motion to transfer was erroneously denied, denial was error without injury because the rights of CBA were not prejudiced and the judgment is clearly for the right party. *Page 101 
We are not given any authority in this state applying Rule 45, ARAP so liberally. We do not consider that the principle of error without injury is applicable to denial of a claim of privilege under 12 U.S.C. § 94.[2] It has been clearly held that the provisions of the statute are mandatory and not permissive.Mercantile Nat'l Bank v. Langdeau, supra.
Judgment against CBA must be reversed and remanded.
Defendants McCleod, et al., present as error the overruling of their objection to plaintiff arguing punitive damages in his closing summation when he had referred only to compensatory damages in the opening portion.
Defendants contend that plaintiff voluntarily relinquished his claim for punitive damages by stating in his opening summation the following:
 "Ladies and gentlemen, the only thing that we have come here to ask you for is that you make John Boyles whole again, a man that's lost 987 War Eagle and Roll Tide matts [sic] and this is a lot to him."
In closing, plaintiff's counsel contended that punitive damages should be awarded plaintiff. Defendants McCleod objected to such argument on the ground that because of the original statement, they had not argued against punitive damages in their summation, assuming that plaintiff intended to forego such damages though claimed in the complaint. The court overruled the objection.
Defendants McCleod support their claim of error with citation from 93 A.L.R.2d 274 and the case of Pinckard v. Dunnavant,281 Ala. 533, 206 So.2d 340 (1968). We have considered the authorities cited. It was said in Dunnavant that the annotation in 93 A.L.R.2d 274 stated there was a doctrine prevailing in some states that it is generally improper for counsel having the burden of the issues in a civil case to argue new matter or points in his closing summation, after his opponent's argument, where such matter was not argued, discussed or mentioned in his opening summation. The court then said it had found no Alabama case on the point. It subsequently showed that the facts in the case were such that there was no violation of the doctrine. The court did not adopt the doctrine in this state.
We do not believe that the courts of this state, either trial or appellate, have applied any doctrine to final summation of counsel in a civil case, except that they be confined to the issues and evidence presented during the trial. The conduct and content of argument of counsel have always been considered to be a matter for the sound discretion of the trial judge.Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970).
Defendants in this case were informed in the complaint that plaintiff claimed both compensatory and punitive damages. We do not believe that plaintiff's statement in his opening summation quoted hereinabove so misled defendants as to cause them to believe that punitive damages were no longer an issue in the case. In any event, defendants could have requested opportunity to respond to the closing summation of plaintiff. They did not do so. The following also appears in 93 A.L.R.2d at page 279.
 "It has also been stated that error cannot be predicated in the appellate court on the ground that plaintiff's counsel has argued new matter in his closing summation where it appears that defense counsel did not (1) insist that plaintiff make a full and complete opening statement, or (2) ask for an opportunity to reply to the allegedly new matter."
We do not adopt the above quote as law in Alabama any more than the Supreme Court adopted the doctrine quoted in Pinckardv. Dunnavant, supra, and from 93 A.L.R.2d 274. We merely point out that defendants' authority for reversal also contains the answer to their argument.
REVERSED AND REMANDED AS TO DEFENDANT CENTRAL BANK OF ALABAMA. AFFIRMED AS TO DEFENDANTS *Page 102 
McCLEOD, D J, BIRMINGHAM WHOLESALE FURNITURE CO.
BRADLEY and HOLMES, JJ., concur.
[1] The decision in Citizens Southern Nat'l Bank v. Bougas
expands prior construction of the statute. The court there held that "located" includes an authorized branch "located" in a county other than the county of the bank's charter or principal office. It does not apply in this case as there is no branch of CBA in Jefferson County.
[2] We would be inclined to hold the same if our state venue statutes were involved.