ADAMS, Justice.
This appeal concerns the propriety in selecting venue under 12 U.S.C. § 94 in an action against a national bank. R. D. Reed and Linda Reed (we will refer to appellants in the singular as “Reed”) appeal from a judgment of the Circuit Court for Washington County dismissing City National Bank of Selma (CNB) as a party to an action by Foremost Insurance Company against Reed. The Circuit Court held that under 12 U.S.C. § 94, CNB was not subject to suit in Washington County. Final judgment was entered pursuant to Rule 54(b), A.R.C.P., and Reed appealed.
The dispositive issue on this appeal is whether CNB is subject to suit in Washington County under one of the exceptions to 12 U.S.C. § 94. We hold that it is not, and we affirm.
CNB is a national banking association established, located, and doing business in Dallas County, Alabama. It maintains no office, and has no officers or agents in Washington County.. Reed was sued originally in the District Court of Washington County by Foremost Insurance Company to collect a deficiency judgment arising from a contract for the sale of a mobile home. Reed assumed the indebtedness due under the contract which CNB originally held, but later assigned to Foremost Insurance Company. Reed lost in district court and appealed to circuit court. In circuit court Reed moved to add CNB and others as parties. The motion was granted and Reed alleged in a counterclaim that CNB and other parties had conspired to defraud him in the mobile home transaction by misrepresenting material facts. CNB filed a motion to vacate service and/or dismiss, contending that the circuit court lacked jurisdiction and that venue was improper. The circuit court granted CNB’s motion on the authority of 12 U.S.C. § 94.
Venue in actions against national banks is governed by 12 U.S.C. § 94, which provides:
Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.
The provisions of § 94 have been held to be mandatory and not permissive. Citizens & Southern National Bank v. Bougas, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977); Mercantile National Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Central Bank v. Boyles, 355 So.2d 98 (Ala.Civ.App.1978). Nevertheless, the United States Supreme Court has held that a national bank can waive the venue privilege afforded under § 94. Charlotte First Nat Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889). An exception also exists to § 94 where the action is local as opposed to being transitory. Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52 (1880). Whether an action is local or transitory is *908 determined by state law. Moreland v. Rucker Pharmacal Company, 59 F.R.D. 537 (W.D.La.1973); Central Bank v. Boyles, supra. Reed contends that both of the above mentioned exceptions to § 94 apply to his case. Reed acknowledges that CNB did not intentionally waive the venue privilege afforded by § 94. Instead, he argues that CNB, by its actions, impliedly waived its right under § 94 so as to allow suit against it in Washington County. We will examine both arguments.
Reed theorizes that CNB waived its venue privilege by inconsistent conduct. In support of this theory, Reed points to numerous alleged acts by CNB. CNB, Reed says, has sent agents into Washington County to check on the collateral and CNB records liens on secured property in the county’s probate court. That CNB allegedly communicates with Washington County residents concerning payments due on investments within the county, and finances local transactions, Reed argues as supporting his theory. Finally, CNB’s alleged commission of the tort of which Reed complains, and the fact that CNB could use the Washington County courts if it wanted to, are advanced as reasons supporting the waiver argument.
In essence, Reed argues a “minimum contacts” theory used in interstate situations where a question of a state’s long arm jurisdiction is raised. We find that argument has no application to the venue privilege under § 94. The very case cited by Reed to support his theory rejected a similar argument. In Staley v. Homeland, Inc., 368 F.Supp. 1344 at 1347 (E.D.N.C.1974), it was recognized that a minimum contacts argument was not viable:
In effect, the plaintiffs are asking the Court to hold that if a bank has minimum contacts in a state under guidelines set in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and related cases, they have impliedly waived their § 94 immunity from suit. This would bend the law too far from the obvious intent of the legislature and render altogether meaningless the Congressional enactment favoring local suits of national banks. The Supreme Court in Langdeau and [Michigan Nat. Bank v.] Robertson [372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961] would not allow this Court to go so far.
We agree. Although the United States Supreme Court more recently has recognized in Citizens & Southern National Bank v. Bougas, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977), that an action against a national bank can be maintained in a county where it has a branch, the waiver argument advanced by Reed conflicts with the above cited cases interpreting the protective nature of § 94. Although a national bank can waive the venue privilege of § 94, the alleged acts of CNB advanced by Reed as constituting a waiver are not within the recognized acts supporting this exception. Annok, 1 A.L.R.3d 904 (1965). Addressing the issue of waiver, our Court of Civil Appeals has stated:
The special privilege accorded national banks by § 94 may be waived expressly or by failure to assert when sued. First Charlotte Nat’l Bank v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889). Waiver may be inferred from conduct inconsistent with the assertion of the privilege. However, the conduct relied upon must demonstrate an intentional relinquishment or abandonment of the privilege.
Central Bank v. Boyles, at 100. Accordingly, we cannot find that CNB waived its venue privilege under 12 U.S.C. § 94.
Is Reed’s action a local action under Alabama law? His theory is based upon the following premises. First, Foremost Insurance Company instituted an action against Reed in Washington County. Second, Reed’s counterclaim (alleging a civil conspiracy), is compulsory, at least as to Foremost Insurance Company, and must be asserted; otherwise, Reed would be bound by res judicata under Rule 13, Alabama Rules of Civil Procedure. Third, all co-conspirators, including CNB, are indispensable parties to the action under Rule 19, A.R.C.P. Reed concludes that because the Alabama *909 Rules of Civil Procedure require the instant action to be tried in the Circuit Court for Washington County, it is a local action and, thus, an exception to 12 U.S.C. § 94.
We cannot agree with Reed’s contentions concerning the compulsoriness of his “counterclaim.” At the outset, we note that Reed has not asserted a counterclaim against CNB. Reed brought CNB into the action started by Foremost Insurance Company as an additional party. Next, Reed erroneously argues that its conspiracy action becomes a local action by reason of the co-conspirators being indispensable parties pursuant to Rule 19, A.R.C.P. The distinction between local and transitory actions has been observed to be as follows:
The test as to whether an action is transitory or local is not, as a general proposition, the subject causing the injury, but the object suffering the injury, or, as the distinction is otherwise stated, it exists in the nature of the subject of the injury and not in the means used or the place at which the cause of action arises. Transitory actions are universally founded on the supposed violation of rights which, in contemplation of law, have no locality. They are personal actions, that is, they are brought for the enforcement of purely personal rights or obligations. If the transaction on which the action is founded could have taken place anywhere, the action is generally regarded as transitory; but if the transaction could only have happened in a particular place, or, as it is sometimes expressed, when the cause of action could only have arisen in a particular place, the action is local. Some authorities, considering the effect of the distinction, define transitory actions as actions which may be tried wherever defendant may be found and served.
92 C.J.S. Venue § 8, at 678-9 (1955) (footnotes omitted). Long ago, this court observed that local actions “are in the nature of suits in rem .. . which are to be prosecuted where the thing on which they are founded is situated.” First Nat. Bank of Linden v. Alston, 231 Ala. 348 at 350, 165 So. 241 at 242 (1936) (citing Casey v. Adams, 102 U.S. 66, 26 L.Ed. 52 (1880); Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911); Turnipseed v. Fitzpatrick, 75 Ala. 297 (1883). Applying the above quoted test, and this court’s precedent, there is no doubt that Reed’s action alleging a conspiracy is transitory in nature. Nor do we accept Reed’s contention that the alleged indispensability of CNB under Rule 19, A.R.C.P., to his action transforms it from one that is transitory to one that is local. Were we to hold that Rule 19 has the effect Reed urges, then virtually any type of action could be local as opposed to transitory. Such a result could not be sanctioned. Holding that the venue, requirements of 12 U.S.C. § 94 are mandatory, the United States Supreme Court observed:
The consequence of our decision, appel-lee says, is that a litigant will be unable to join two national banks in the same action in the state courts if they are located in different counties or in the federal courts if they are located in different districts. But aside from not being presented by these cases, such a situation is a matter for Congress to consider. Cf. 28 U.S.C. §§ 1391(a), (b), 1401; Greenberg v. Giannini, 140 F.2d 550, 552 (C.A.2d Cir.). See also, Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384 [74 S.Ct. 145, 148, 98 L.Ed. 106].
Similarly, even if all of the 145 defendants may not be sued in one proceeding in Dallas County with the same facility as they may in Travis County, this, of course, is insufficient basis for departing from the command of the federal statute.
Mercantile National Bank v. Langdeau, 371 U.S. at 563-4, 83 S.Ct. at 525.
In First Nat. Bank of Linden v. Alston, supra, this court held that a national bank properly could be sued in an equitable proceeding in a county where it was not located. Discussing 12 U.S.C. § 94, the Alston court held:
Moreover, we doubt if that provision of the federal statute could be applicable to cases in which a national bank becomes a joint party as an incident to the enforcing of an equitable or legal right as here. As *910 a material respondent, John Brandon, resides in Montgomery, it would be quite an anomaly to hold that, in a proceeding of this character wherein several national banks located in different counties were involved, they could not be jointly brought in one action. We therefore hold that the bill was not improperly filed in Montgomery county under section 6524 of the Code of 1923.
First Nat. Bank of Linden v. Alston, 231 Ala. at 350, 165 So. 241. Judge Wright, speaking for the Court of Civil Appeals, in Central Bank v. Boyles, supra, observed that the Alston decision probably was no longer viable in light of Mercantile National Bank v. Langdeau, supra. Central Bank v. Boyles, at 100. We agree with Judge Wright. The “anomaly” referred to by the Alston court clearly is allowable, as the United States Supreme Court said in Mercantile National Bank v. Langdeau. Accordingly, First Nat. Bank of Linden is overruled insofar as it holds that 12 U.S.C. § 94 is rendered inapplicable merely because a national bank is a joint defendant with a party properly sued in a county in which the bank is not located.
Finding no error, we affirm the judgment of the circuit court.
AFFIRMED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.