SHORES, Justice.
This is an action for a writ of mandamus, to direct the Honorable Mark C. Montiel, Judge of the Montgomery County Circuit Court, to transfer this case from Montgomery County to Elmore County. We deny the writ.
Thelma Eubank filed a complaint against Rosebusch, Inc., M.R. Clark, and Thomas H. Clark, on February 1, 1989, in the nature of a stockholder’s derivative action, alleging mismanagement of funds, conversion, fraud, and self-dealing, and seeking damages therefor. Suit was filed in the Circuit Court of Montgomery County. The defendants filed a motion for change of venue to Elmore County, which was denied by the trial judge on March 3, 1989. The trial court reconsidered the motion and again denied it on October 23, 1989.
The defendants/petitioners then filed here a petition for writ of mandamus, claiming that the trial court abused its discretion in failing to transfer the case. They contend that the case is due to be transferred for the following reasons: (1) that the subject matter of the action is real estate in Elmore County, (2) that the complaint seeks equitable relief, (3) that the individual defendants are permanent residents of Elmore County, and (4) that Rose-busch, Inc., does not do business by agent in Montgomery County, where the action was filed. The petitioners state in affidavits that they are residents of Elmore County and that the corporation maintains *357 offices in Elmore County and has held directors’ meetings there. They have provided corporate tax documents that give an Elmore County address, and they aver that all bank accounts of the corporation are with banks in Elmore County. They admit in their brief that “[t]here has been incidental corporate activity in the form of advertising and solicitation of sales and isolated banking transactions in Montgomery County.”
The respondent/plaintiff counters by presenting to the court the articles of incorporation of Rosebusch, Inc., styled “Certificate of Incorporation” and filed in Montgomery County in corporation book 86, at page 75. The articles list the address of the registered office of the corporation and the addresses of the individual defendants, who were incorporators, as being Montgomery, Alabama. The respondent avers that no amendments to these articles of incorporation or change of registered office or agent has been filed since the filing of the certificate of incorporation on January 21, 1972. She further contends that the corporation does business by agent in Montgomery County and denies that the Clarks are lifelong residents of Elmore County. She admits that a primary asset of the corporation is real property in El-more County, but denies that real estate is the subject matter of the lawsuit.
The only question presented is whether the trial judge should have transferred the case from Montgomery County to Elmore County.
We note at the outset that the burden is on the petitioners to prove that venue is improper in Montgomery County. Ex parte Nelson, 448 So.2d 339, 340 (Ala.1984); Ex parte Wilson, 408 So.2d 94, 96 (Ala.1981); Ex parte Reliance Ins. Co., 484 So.2d 414, 417 (Ala.1986). A writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge. Ex parte Finance America Corp., 507 So.2d 458 (Ala.1987); Ex parte Ralston, 519 So.2d 488 (Ala.1987).
The venue statutes provide that “a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose.” § 6-3-7, Code 1975. Any conflict created by the joinder of individuals and domestic corporations is resolved by A.R.Civ.P. 82(c), which provides: “Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought....”
Our review of the record in this case indicates that the evidence before the trial judge was that this domestic corporation filed its articles of incorporation in Montgomery County and gave the address of its registered office as Montgomery County. The individual defendants were listed as incorporators and as residents of Montgomery County in the articles of incorporation. No amendment to the articles of incorporation or change of registered office has been filed. It is a routine matter to file a change of registered office under § 10-2A-30, Code 1975. Contrary to the defendants’ assertion that the subject matter of this case is real estate, this suit is in the nature of a stockholder’s derivative action. With this evidence before the trial judge, he had no choice except to deny the change of venue.
WRIT DENIED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ„ concur.