I respectfully dissent. The decision of the majority fails to enunciate how Risk Management and Capitol Linen are "material defendants" in this lawsuit.
In this lawsuit plaintiffs contend that the defendants negligently and wantonly breached a duty to provide Edward Stewart with a safe workplace, and that Capitol Linen furnished him with a defectively designed "jacket." Edward Stewart seeks damages in the amount of one million dollars for each of these acts of negligence. Annette Stewart claims damages in the sum of $50,000.00 for the loss of marital companionship and loss of consortium resulting from defendants' negligence.
In Alabama, a "material defendant" is "one whose position is antagonistic to that *Page 1197 
of the plaintiff's because relief is sought against him." AlabamaYouth Services Board v. Ellis, 350 So.2d 405, 408 (Ala. 1977).See Maness v. Weogufka Volunteer Fire Dept., 386 So.2d 429, at 430 (Ala. 1980).
In depositions, plaintiffs offered no proof indicating that they would be entitled to recovery under a theory of products liability. There was no representation that the jacket was supposed to be fire resistant. Nor can it be conclusively determined, based on the witnesses' statements contained in the record, that Stewart was even wearing this jacket at the time he was burned.
Risk Management's lack of materiality rests on an entirely different basis. Plaintiffs' claim for relief against Risk Management is based on the alleged breach of a duty to properly inspect the workplace or to warn plaintiff of the existing dangerous working conditions. This claim is unquestionably related to the subject matter of the cause of action. However, again plaintiffs have averred no facts which would indicate that Risk Management owed them a duty to inspect or to warn. In fact, the agreement between Risk Management Services of Alabama, Inc., and the Municipal Workman's Compensation Company, Inc., as amended February 1, 1979, expressly states that nothing in the contract for services "shall be construed so as to require the service company to provide or assist in providing such services for the employer . . . other than raw statistical data."
This court said in Alabama Youth Services Board, supra, that a "material defendant" is "one whose position is antagonistic to that of the plaintiff's because relief is sought against him." The mere claim that one is entitled to relief is not enough. In that same case, Justice Beatty stated that the defendant must have more than a nominal relationship with the "subject matter" of the suit. Capitol Linen's and Risk Management's relationships with the subject matter of this suit are only peripheral.
The majority is clearly in error if they mean to hold that even peripheral claims are sufficient to make out a case of materiality under A.R.C.P., 82 (b)(1)(A). Adoption of such an interpretation renders meaningless the distinction between the defendant who is bona fide or "material" and one who is not. Such an interpretation would further have the unseemly effect of opening the doors of Alabama courts to frivolous claims by plaintiffs who seek to sue individuals based on nothing more than the mere fortuitous circumstances of their whereabouts — a result which this decision engenders.
The committee which drafted the Alabama Rules of Civil Procedure was clearly mindful of the problem which we are dealing with today when it drafted Rule 82 (b)(1)(A). As stated in the committee's comments to the rule, the purpose of incorporating the "material defendant" language from the equity statute was "to prevent a plaintiff from joining a nominal defendant for the express purpose of shifting the venue of the action."
The comments clearly reflect the committee's intention that the courts look beyond the face of the complaint and inquire into the motives behind the plaintiff's decision for suing particular defendants. Thus, if it appears that there exists no reason for naming a defendant, other than the fortuitous circumstance that he provides the basis for an assertion of venue, he cannot be deemed material to the cause of action.
Long ago this court announced the rule that a party who has "no interest in the principal matter in controversy" cannot control venue. First National Bank of Birmingham v. Johnson, 227 Ala. 40,148 So. 745 (1933), cited in Alabama Youth Services Board v.Ellis, 350 So.2d 405 (Ala. 1977). I see no reason why this court should deviate from this longstanding tenet of Alabama jurisprudence.
The remaining defendants have raised the question of municipal immunity and the effect plaintiffs' posturing of this case has on that doctrine. Believing, as I do, that the defendants Capitol Linen and Risk Management are not material, I reserve judgment as to this problem.
TORBERT, C.J., and FAULKNER, J., concur. *Page 1198