THOMAS, Judge.
The Water Works Board of the City of Birmingham (“the WWBB”) seeks mandamus review of the Jefferson Circuit Court’s order granting the motion of the Alabama Surface Mining Commission (“the ASMC”) and Shepherd Bend, LLC, seeking a transfer of the action from the Jefferson Circuit Court to the Walker Circuit Court. The Jefferson Circuit Court based its decision on the language of Ala.Code *414 1975, § 9-16-79, which expressly states that the procedures for appeal of a decision of the ASMC provided in the Alabama Surface Mining Control and Reclamation Act (“the ASMCRA”), Ala.Code 1975, § 9-16-70 et seq., “shall take precedence over the Alabama Administrative Procedures Act” (“the AAPA”), Ala.Code 1975, § 41-22-1 et seq., which typically governs judicial review of the actions taken by or decisions of state agencies. See Ala.Code 1975, § 41-22-20 (setting out the procedure under the AAPA for judicial review of agency actions or decisions). Based on our review of the pertinent statutes, we deny the petition.
“A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. Ex parte Sawyer, 892 So.2d 898, 901 (Ala.2004). The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’ Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000) (quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).”
Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
Furthermore, because the determination of the proper venue for the WWBB’s action involves, in part, the construction of certain statutes, we note that our consideration of this petition will be guided by well-settled principles of statutory construction.
“It is [an appellate court’s] responsibility to give effect to the legislative intent whenever that intent is manifested. State v. Union Tank Car Co., 281 Ala. 246, 248, 201 So.2d 402, 403 (1967). When interpreting a statute, this Court must read the statute as a whole because statutory language depends on context; we will presume that the Legislature knew the meaning of the words it used when it enacted the statute. Ex parte Jackson, 614 So.2d 405, 406-07 (Ala.1993). Additionally, when a term is not defined in a statute, the commonly accepted definition of the term should be applied. Republic Steel Corp. v. Horn, 268 Ala. 279, 281, 105 So.2d 446, 447 (1958). Furthermore, we must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says. Ex parte Shelby County Health Care Auth., 850 So.2d 332 (Ala.2002).”
Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003).
The action below began as an appeal by the WWBB from a decision of the ASMC granting a surface-mining permit to Shepherd Bend. The WWBB brought the appeal in the Jefferson Circuit Court. The ASMC filed a petition challenging venue and seeking to have the action transferred to Walker County; Shepherd Bend joined in the petition. The Jefferson Circuit Court entered an order on September 26, 2013, transferring the action to the Walker Circuit Court, which, it concluded, was the sole appropriate venue for the WWBB’s action. The WWBB filed its mandamus petition in the Alabama Supreme Court on November 7, 2013. Our supreme court called for answers from the ASMC and Shepherd Bend on April 1, 2014. After the answers were filed and the petition was submitted for consideration by that court, that court determined that the petition fell within our jurisdiction and trans *415 ferred the petition to this court on May 22, 2014. Because of the passage of time since its filing, we have expedited our consideration of the petition.
The WWBB argues in its petition that the Jefferson Circuit Court erroneously determined that the only proper venue for its action was Walker County. The WWBB contends that, because the ASMC-RA does not contain a provision explicitly providing the proper venue for an appeal of the ASMC’s decision on a surface-mining permit, the provisions governing venue set out in the AAPA should control. This is so, says the WWBB, despite the fact that the ASMCRA expressly states that its provisions regarding appeals should “take precedence” over the AAPA. § 9-16-79 (providing that the hearing and appeals procedures set out in that statute “shall take precedence over the Alabama Administrative Procedure Act”).
The AAPA was enacted, in part, “[t]o simplify the process of judicial review of agency action as well as increase its ease and availability.” § 41—22—2(b)(7). Generally speaking, the AAPA governs judicial review of actions taken by or decisions of a state agency. Ex parte Worley, 46 So.3d 916, 919 (Ala.2009) (“Section 41-22-20 provides the procedure for soliciting judicial review of final decisions of administrative agencies within the State.”). The venue provisions of the AAPA provide that a judicial-review proceeding of an agency’s action or decision may be commenced in one of three venues. Ala.Code 1975, § 41-22-20(b). First, the statute provides that venue is proper in the Montgomery Circuit Court. Id. Venue is also proper in a circuit court in the county in which the agency has its headquarters. Id. Finally, the statute provides that venue, “unless otherwise specifically provided by statute,” lies, in the case of an individual party, in the circuit court in the county where that party resides or, in the case of a corporate party, the county in which the corporate party has a registered office or a principal place of business. Id. Based on the venue provisions of the AAPA, the WWBB contends that venue was proper in the Jefferson Circuit Court because it, as a corporate party, has its principal place of business in Jefferson County.
However, the AAPA recognizes that the legislature may choose to reject its application to the judicial-review processes of certain state agencies. The AAPA states that other statutes governing state agencies must expressly provide that their provisions “shall take precedence over all or some specified portion of [the AAPA].” Ala.Code 1975, § 41-22-25(a). To be exempted from the provisions of the AAPA, a statute governing a state agency must specifically refer to the AAPA by name. § 41-22-25(a) & (b).
The ASMCRA contains language expressly stating that its provisions relating to appeals from actions taken by or decisions of the ASMC take precedence over the AAPA. § 9-16-79. The ASMCRA does not state that its provisions take precedence over “some specified portion” of the AAPA. In addition, the ASMCRA states that “[t]he procedure provided in this article for ... appeals shall be exclusive except as otherwise provided.” § 9-16-79(10); see Doggett v. Alabama Secs. Comm’n, 511 So.2d 204, 206 (Ala.Civ.App.1987) (“As a general rule, where a special statutory provision provides for an exclusive method of review for a particular type case, no other method of review is available.”). However, as noted, the ASMCRA does not contain a venue provision indicating where appeals from actions taken by or decisions of the ASMC should be *416 brought.[1]
The WWBB argues that the failure of the ASMCRA to specify venue for an appeal of the agency’s decision on a surface-mining permit should result in the application, by default, of the AAPA’s venue provisions. Despite the seeming logic of the WWBB’s argument, we cannot agree with the WWBB that the ASMCRA’s failure to contain a venue provision governing appeals from the actions taken by or decisions of the ASMC should result in the default application of the venue provisions of the AAPA. The legislature could have specified that the procedures stated in the ASMCRA took precedence over certain portions of the AAPA. However, the legislature specified that, without any limitations, the provisions of the ASMCRA governing appeals from decisions of the ASMC would take precedence over the procedures provided in the AAPA.
The solution proposed by the WWBB would do violence to the rules of statutory construction, because we would have to determine that the language of § 9-16-79 indicates that the procedures outlined in the ASMCRA would take precedence over only some portions of the AAPA and not others. The plain language of the statute leaves no room for such an interpretation. The ASMCRA specifically exempts appeals from the actions taken by or decisions of the ASMC from the procedures outlined in the AAPA.
The ASMC and Shepherd Bend argue that, instead of forging the venue provisions of the AAPA onto the ASMCRA, despite its express disavowal of the applicability of the AAPA, the missing venue provisions are supplied by the general rule that venue in an action against an agency is proper in the county in which the agency has its principal residence. See Alabama Youth Servs. Bd. v. Ellis, 350 So.2d 405, 407 (Ala.1977) (“There is a considerable body of law in this state, as there is elsewhere, requiring an action against a state agency ... to be brought in the county of official residence.”). The ASMCRA provides that the principal office of the ASMC is in Jasper, which is located in Walker County. Thus, the ASMC and Shepherd Bend contend that venue is proper as to the ASMC only in Walker County. Like the Jefferson Circuit Court, we agree that the language of the ASMCRA mandates such a conclusion.
The WWBB also argues that venue is proper in Jefferson County because, it contends, under Rule 82(c), Ala. R. Civ. P., it could bring its action in any county in which one of its claims could have been brought against any one of the parties to the action.[2] According to the WWBB, venue for an action against Shepherd Bend is proper in Jefferson County under the venue statute governing venue of actions against corporations, Ala.Code 1975, § 6-3-7, and, therefore, it asserts, Jefferson County is a proper venue for its action. The WWBB contends that, although Shepherd Bend is a limited liability company, which is typically treated as a partnership, Shepherd Bend should be treated like a corporation for venue purposes because, the WWBB asserts, Shepherd Bend has “more corporate than non-corporate characteristics.” See Ex parte Miller, Hamilton, Snider & Odom, LLC, 942 So.2d 334, *417 336 (Ala.2006) (quoting the commentary to Ala.Code 1975, § 10-12-8, which states that a limited liability company, although typically treated as a partnership, should be treated as a corporation if it has “ ‘more corporate than noncorporate characteristics and is therefore treated as an association taxable as a corporation for federal income tax purposes’ ”).[3]
However, we need not decide whether the materials provided to the Jefferson Circuit Court and to this court would establish that Shepherd Bend should be treated as a corporation for venue purposes, because, as the ASMC and Shepherd Bend argue, Shepherd Bend is not a “material defendant.” “[A material] defendant is one whose position is antagonistic to that of the plaintiffs because relief is sought against [it].” Ellis, 350 So.2d at 408. The Ellis court determined that a local bank that had been named as a defendant was merely a “proper party” in the action against a state agency. Id. at 409. The Ellis court further concluded that the bank was not a material defendant because no relief was sought from that party. Id. The court then stated that “[s]uch a party cannot control venue where, as here, it has no interest in the principal matter in controversy.” Id.
Similarly to the bank in Ellis, Shepherd Bend was named as a “proper party” to the appeal pursuant to § 9-16-79(4)b., which states that “[a]ll parties to the administrative [proceeding] shall be named parties in such an appeal.” Further, the WWBB is challenging the ASMC’s award of a permit to Shepherd Bend, and, like the complaint in Ellis, which failed to seek any form of relief from the bank, the WWBB’s complaint instituting the appeal does not seek relief from Shepherd Bend. Id. Thus, we conclude that Shepherd Bend is not a material defendant and that, even if we were to have concluded that it should be treated as a corporation for purposes of venue, venue would not lie in Jefferson County.
Finally, we note that the motion to transfer asserted the doctrine of forum non conveniens as an alternative basis for transferring the action. See Ala.Code 1975, § 6-3-21.1 (permitting a transfer of an action to another venue for the convenience of the parties and witnesses or in the interest of justice). In light of our resolution of the issue of proper venue, we need not consider the propriety of the transfer under § 6-3-21.1, because, in order for a party to seek a transfer of an action under that statute, the action must have been brought in a proper venue. § 6-3-21.1(a) (stating that a transfer may be sought “[w]ith respect to civil actions filed in an appropriate venue”); see Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 14 (Ala.2007) (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995)) (stating that “the doctrine of forum non conveniens, as codified at § 6-3-21.1, ‘has a field of operation only where an action is commenced in a county in which venue is appropriate’ ”).
We have concluded, based on our construction of the AAPA and the ASMCRA, that the Jefferson Circuit Court properly determined that venue of the WWBB’s action did not lie in Jefferson County and, instead, that venue was proper only in Walker County. Furthermore, because Shepherd Bend is not a material defendant in the action, even were Jefferson County an appropriate venue for an action against *418 Shepherd Bend, the fact that Shepherd Bend is merely a “proper party” to the WWBB’s action seeking review of the ASMC’s decision to issue a permit to Shepherd Bend “cannot control venue.” Ellis, 350 So.2d at 409. Thus, the transfer of the action to the Walker Circuit Court was mandatory. Rule 82(d)(1) (“When an action is commenced laying venue in the wrong county, the court, on timely motion of any defendant, shall transfer the action to the court in which the action might have been properly filed and the case shall proceed as though originally filed therein.”); Ex parte Wright Bros. Constr. Co., 88 So.3d 817, 821 (Ala.2012) (“Once venue has been shown to be improper, transfer of the action is mandatory.”). The WWBB has failed to demonstrate a clear legal right to the relief it seeks. Accordingly, its petition for the writ of mandamus is denied.
PETITION DENIED.
PITTMAN and DONALDSON, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result without writings.

. The ASMCRA does contain venue provisions for certain other actions that might arise under its provisions. See § 9—16—93(f)(1) (providing a venue for enforcement actions brought by the attorney general) & § 9-16-95 (providing a venue for a citizen action).

. Rule 82(c) reads, in part: "Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.”

. Notably, the Miller court treated the limited liability company in that case as a partnership for venue purposes.