PARKER, Justice.
The Water Works Board of the City of Birmingham (“the Board”) petitions this Court for a writ of mandamus directing the Jefferson Circuit Court (“the circuit court”) to vacate its order granting the motion filed by the Alabama Surface Mining Commission (“ASMC”) seeking to transfer the underlying action to Walker County; Shepherd Bend, LLC, joined ASMC’s transfer motion. We grant the petition and issue the writ.

Facts and Procedural History

The facts are undisputed. ASMC is a State agency responsible for administering and enforcing the Alabama Surface Mining Control and Reclamation Act of 1981, § 9-16-70 et seq., Ala.Code 1975 (“the ASMC-RA”). ASMC maintains its principal office in Walker County as required by § 9 — 16— 73(h), Ala.Code 1975. On October 19, 2010, ASMC issued to Shepherd Bend, an Alabama limited-liability company with its principal office in Walker County, a surface-coal-mining permit (“the permit”). The permit allowed Shepherd Bend to perform surface coal mining in Walker County on approximately 286 acres; any discharge of effluent from this mine would discharge into the Mulberry Fork of the Black Warrior River or a tributary thereof.
The Board, an Alabama public corporation with its principal office in Jefferson County, operates a raw-water-intake facility within Walker County; this raw-water-intake facility is approximately 4,200 feet downstream from the nearest sediment-basin-discharge point as established by the permit. Water withdrawn by the Board from the raw-water-intake facility is filtered, screened, and eventually pumped to the Board’s Western Filter Plant in Jefferson County for distribution to the Board’s customers.
On November 17, 2010, the Board filed an administrative appeal challenging the issuance of the permit and requested a hearing with a hearing officer of ASMC’s Division of Hearings and Appeals. The hearing was held, and, on March 5, 2013, the hearing officer affirmed the issuance of the permit. Pursuant to § 9 — 16—79(l)d., Ala.Code 1975, the Board then filed a petition with ASMC for administrative review of the hearing officer’s decision. ASMC took no action and, pursuant to § 9 — 16— 79(3)a., Aia.Code 1975, the Board’s petition for administrative review was deemed denied by operation of law 30 days after the petition was filed.
On May 24, 2013, after it had exhausted its administrative remedies, the Board appealed ASMC’s decision to the circuit court. In response, ASMC filed a “motion to dismiss and alternative motion to transfer,” which Shepherd Bend joined. In its motion, ASMC argued that venue in Jefferson County was not proper and, in the alternative, that, even if venue was proper in Jefferson County, a transfer to Walker County was nevertheless compelled by reason of the convenience of the parties and witnesses and in the interest of justice under § 6-3-21.1, Ala.Code 1975, the forum non conveniens statute. On August 19, 2013, the Board filed a response to ASMC’s motion, arguing that venue in Jef *1169 ferson County was appropriate by virtue of § 6-3-7, Ala.Code 1975, and § 41-22-20(b), Ala.Code 1975.
On September 26, 2013, the circuit court entered an order transferring the Board’s action to Walker County. The circuit court’s order stated, in pertinent part:
“Plaintiff asserts Walker County is an improper venue as to ASMC under Alabama Code [1975,] § 41-22-20(b)[,] and as to Shepherd Bend under Alabama Code [1975,] § 6-3-7.
“A. Transfer of ASMC claims under ... § 41-22-20(b).
“Plaintiff claims transfer is improper as to ASMC pursuant to ... § 41-22-20(b). Section 41-22-20(b) reads as follows:
“‘(b) All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.’
[[Image here]]
“An agency of the state may only be sued in the county of the official residence of such agency in the absence of specific statutory authority to the contrary. Ex parte Neely, 653 So.2d 945, 947 (Ala.1995); Alabama Youth Services Board v. Ellis, 350 So.2d 405, 407 (Ala. 1977). ASMC maintains its principal office in Walker County as required by Alabama Code [1975,] § 9-16-73(h).
“Appeal of Administrative decisions of ASMC are governed by Alabama Code [1975,] § 9-16-79, which states, ‘Procedures for hearings and appeals under this article shall be made as herein provided and in accordance with such general rules and regulations as the regulatory authority (ASMC) may prescribe. These procedures shall take precedence over the Alabama Administrative Procedure Act.’ ([E]mphasis added.) After then describing in considerable detail what that procedure is to be, the statute adds: ‘The procedure provided in this article for hearings and appeals shall be exclusive except as otherwise specified.’ § 9-16-79(10) (emphasis added).
“Section 41-22-25(a)[, Ala.Code 1975,] of the AAPA [the Alabama Administrative Procedure Act] expresses the intent of the legislature as to how the AAPA is to be construed and applied. This section reads as follows:
“ ‘(a) This chapter shall be construed broadly to effectuate its purposes. Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute in existence on the date of the passage of this chapter or thereafter enacted. If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirements imposed upon an agency by this chapter, this chapter shall take *1170 precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter.’
“Ala.Code § 41-22-25(a) (emphasis added).
“The legislature expressed its unequivocal intent that the rights created and requirements imposed by the Alabama Administrative Procedure Act shall be applicable only if another statute does not expressly provide otherwise.
“The hearings and appeals procedure of ASMCRA § 9-16-79 refers to the AAPA by name and specifically provides that the procedure embodied in ASMC-RA takes precedence over the AAPA. A clearer expression of legislative intent is not possible. Thus the venue provisions of the AAPA have no application to the present appeal arising under the provisions of ASMCRA.
“Section 9-16-79 makes no specification of the venue for securing judicial review of an administrative order. Judicial review is invoked by filing a notice of appeal ‘in circuit court,’ § 9-16-79(4)b. However, the absence of a specific venue does not mean the case can be unequivocally brought in any venue. In enacting statutes, the legislature is presumed to know the state of the existing law. See Wright v. Childree, 972 So.2d 771, 778 (Ala.2006). Therefore, the Court is constrained to find the omission of a specific venue provision within this section of ASMCRA was intentional and that the legislature was content to leave matters of venue of actions brought pursuant to § 9-16-79 to the rules of venue applicable to state agencies in the absence of a specific venue statute. Ala.Code § 41-22-20 does not expressly provide statutory authority for the filing of this appeal in Jefferson County. To the contrary, ASMCRA controls proper venue. There being no express statutory authority to the contrary, an appeal of an administrative determination of ASMC pursuant to § 9-16-79 may only be brought in the county of the official residence of ASMC, which by statute is Walker County. Ala.Code § 9-16-73(h).”
The circuit court also determined that venue was not proper in Jefferson County under § 6-3-7. However, for reasons explained below, we need not consider that portion of the circuit court’s order.
On November 7, 2013, the Board filed a petition for a writ of mandamus with this Court requesting that we vacate the circuit court’s order transferring the case to Walker County. On May 22, 2014, this Court determined that the Court of Civil Appeals had jurisdiction over the Board’s petition and transferred the matter to that Court. On June 20, 2014, the Court of Civil Appeals issued an opinion denying the Board’s petition. See Ex parte Water Works Bd. of Birmingham, 156 So.3d 412 (Ala.Civ.App.2014). Pursuant to Rule 21(e), Ala. R.App. P., the Board then filed a petition for a writ of mandamus vrith this Court.

Standard of Review

“A petition for a writ of mandamus is the proper means for challenging an order transferring an action to another county. Ex parte Wilson, 854 So.2d 1106, 1109 (Ala.2002). ‘ “[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion.” ’ Ex parte Leasecomm Corp., 886 So.2d 58, 62 (Ala.2003) (quoting Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660 (Ala.2001)).” *1171 Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d 12, 13-14 (Ala. 2007).

Discussion

The Board first argues that venue in Jefferson County was proper under § 41-22-20(b), Ala.Code 1975, which is part of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975 (“the AAPA”). Section 41-22-20(b) provides:
“(b) All proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency to cover the reasonable costs of preparing the transcript of the proceeding under review, unless waived by the agency or the court on a showing of substantial hardship. A petition shall be filed either in the Circuit Court of Montgomery County or in the circuit court of the county in which the agency maintains its headquarters, or unless otherwise specifically provided by statute, in the circuit court of the county where a party other than an intervenor, resides or if a party, other than an intervenor, is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.”
Section 41-22-25(a), Ala. Code 1975, a part of the AAPA, states:
“(a) This chapter shall be construed broadly to effectuate its purposes. Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute in existence on the date of the passage of this chapter or thereafter enacted. If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter.”
(Emphasis added.)
In § 9-16-79, Ala.Code 1975, the ASMCRA expressly provides that it shall take precedence over the AAPA: “These procedures shall take precedence over the Alabama Administrative Procedure Act.” See also § 9-16-79(10), Ala.Code 1975 (“The procedure provided in this article for hearings and appeals shall be exclusive except as otherwise specified.”). Section 9-16-79 sets forth the extensive hearings and appeals procedure of the ASMCRA. Included in the appeals procedure set forth in § 9-16-79 is the right of a party to appeal to a circuit court after its administrative remedies are exhausted. § 9-16-79(4)b., Ala.Code 1975 (“[A]ny party to the proceeding may secure a judicial review thereof by filing a notice of appeal in circuit court.... No circuit court shall permit an appeal unless the person filing such appeal has exhausted his administrative remedies as provided by this article.”). However, absent from § 9-16-79 is a provision dictating to which circuit court a party may appeal; in other words, § 9-16-79 lacks a venue provision.
Because § 9-16-79 lacks a venue provision, we must look elsewhere to determine where venue is proper in this case. The circuit court in the present case refused to consider the AAPA to answer the venue question based on the language in § 9-16-79 stating that “[t]hese procedures shall take precedence over the Alabama Administrative Procedure Act.” For the same *1172 reason, the Court of Civil Appeals also refused to consider the AAPA in order to determine where venue was proper. It appears that the circuit court and the Court of Civil Appeals concluded that, by indicating that the appeals procedure set forth in § 9-16-79 takes precedence over the AAPA, the Legislature forbade entirely consideration of the AAPA when a party seeks judicial review by appealing a decision of the ASMC pursuant to § 9-16-79(3)a. See Ex parte Water Works Bd. of Birmingham, 156 So.3d at 417 (“The ASMCRA specifically exempts appeals from the actions taken by or decisions of the ASMC from the procedures outlined in the AAPA.”). The circuit court and the Court of Civil Appeals have misinterpreted the plain language used by the Legislature in § 9-16-79.
In Billingsley v. State, 115 So.3d 192, 196 (Ala.Crim.App.2012), the Court of Criminal Appeals, relying upon this Court’s precedent, stated:
“In Soles v. State, 820 So.2d 163 (Ala. Crim.App.2001), this Court stated:
“ ‘ “The first rule of statutory construction is that the intent of the legislature should be given effect. Ex parte McCall, 596 So.2d 4 (Ala. 1992); Volkswagen of America, Inc. v. Dillard, 579 So.2d 1301 (Ala. 1991). However, when possible, the intent of the legislature should be gathered from the language of the statute itself. Dillard, supra. Thus, where the language of the statute is plain, the court must give effect to the clear meaning of that language. Ex parte United Service Stations, Inc., 628 So.2d 501 (Ala. 1993); IMED Corp. v. Systems Eng’g Associates Corp., 602 So.2d 344 (Ala.1992).”
“ ‘Beavers v. County of Walker, 645 So.2d 1365, 1376-77 (Ala.1994). See also Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687, 689 (Ala.1991) (“Words used in [a] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is clear and unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” (citations omitted)).’
“820 So.2d at 164-65. ‘Principles of statutory construction instruct this Court to interpret the plain language of a statute to mean exactly what it says and to engage in judicial construction only if the language in the statute is ambiguous.’ Ex parte Pratt, 815 So.2d 532, 535 (Ala.2001). ‘[OJnly if there is no rational way to interpret the words stated will we look beyond those words to determine legislative intent.’ DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998).”
Section 9-16-79 states that it takes “precedence” over the AAPA. The word “precedence” means “[t]he act or state of going before; adjustment of place. The right of being first placed in a certain order.” Black’s Law Dictionary 1176 (6th ed.1990). Further, “precedence” is defined in Webster’s dictionary as “the act, right, privilege, or fact of preceding in time, place, order, or importance.” Webster’s New Universal Unabridged Dictionary 1416 (2d ed.1983). In other words, according to the plain language used by the Legislature, § 9-16-79 must be considered first, before the AAPA. The Legislature, however, did not state that § 9-16-79 was to be applied “exclusively,” which means “in an exclusive manner; to the exclusion of all others; only.” Webster’s, *1173 at 638. The Legislature’s use of the word “precedence” in § 9-16-79 indicates that the AAPA may be considered but that the appeals procedure set forth in § 9-16-79 must be given precedence over any similar procedure in the AAPA. Section 9-16-79 does not state that the AAPA may not be considered in any circumstance, as the Court of Civil Appeals and the circuit court concluded.
Based on the flawed assumption that the AAPA cannot be considered, ASMC and Shepherd Bend, relying upon Ex parte Neely, 653 So.2d 945 (Ala.1995), and Alabama Youth Services Board v. Ellis, 350 So.2d 405, 407 (Ala.1977), argue that this Court should look to the general rule that venue in an action against a State agency is proper in the county in which the agency is headquartered. However, the parties have not directed this Court’s attention to any authority indicating that the general rule set forth in Neely and Ellis determines venue when a party who has exhausted his administrative remedies seeks judicial review. Instead, this Court has stated that the AAPA, specifically § 41-22-20, “provides the procedure for soliciting judicial review of final decisions of administrative agencies within the State.” Ex parte Worley, 46 So.3d 916, 919 (Ala. 2009). Therefore, given that the ASMC-RA lacks a venue provision, we will look to § 41-22-20(b), a part of the AAPA, to determine whether Jefferson County is the appropriate venue for the Board’s appeal.
Under the plain language of § 41-22-20(b), venue is proper in Montgomery County, Walker County (the county in which ASMC has its principal office), and Jefferson County (the county in which the Board has its principal office). ASMC agrees with the above interpretation of § 41-22-20(b). Therefore, we conclude that venue was proper in Jefferson County under § 41-22-20(b).
Having concluded that venue was proper in Jefferson County under the ASMCRA and under § 41-22-20(b), we need not consider the Board’s argument that venue was proper in Jefferson County pursuant to § 6-3-7, Ala.Code 1975.
ASMC and Shepherd Bend argue that, should this Court determine that venue was proper in Jefferson County, transfer of the action to Walker County was appropriate pursuant to § 6-3-21.1(a), Ala. Code 1975, which provides for transfers of cases on the basis of the doctrine of forum non conveniens. We cannot consider this argument at this time. Essentially, ASMC and Shepherd Bend are requesting that this Court issue a writ of mandamus directing the circuit court to transfer the action to Walker County based on the convenience of the parties. However, as set forth above, the circuit court determined that venue in Jefferson County was improper and transferred the action to Walker County on that basis. Accordingly, the circuit court did not consider ASMC’s and Shepherd Bend’s forum non conveniens argument. See Ex parte Miller, Hamilton, Snider & Odom, LLC, 978 So.2d at 14 (“The doctrine of forum non conveniens is applicable only ‘[w]ith respect to civil actions filed in an appropriate venue.’ § 6-3-21.1(a) (emphasis added).”).
Further, in order for ASMC and Shepherd Bend to prevail, they must show that the circuit court had an imperative duty to transfer the action to Walker County based on the doctrine of forum non conve-niens and that the circuit court refused to do so. See Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995) (“Mandamus is a drastic and extraordinary writ, to be issued only where there is ... an imperative duty upon the respondent to perform, accompanied by a refusal to do so.... ”). ASMC and Shepherd Bend cannot meet *1174 this burden because the circuit court did transfer the action to Walker County, albeit for a different reason. Therefore, we will not consider ASMC and Shepherd Bend’s request for the issuance of a writ of mandamus directing the circuit court to transfer the action to Walker County based on the doctrine of forum non conve-niens.

Conclusion

The Board has demonstrated a clear legal right to the relief it seeks; venue is proper in Jefferson County. Therefore, we grant the petition and issue the writ directing the circuit court to vacate its order transferring the action to Walker County.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, MURDOCK, SHAW, MAIN, WISE, and BRYAN, JJ„ concur.
MOORE, C.J., dissents.